**Cecilia WATN, Administratrix and Administratrix Ad Prosequendum of the Estate of John Martin Watn, deceased,**

v.

**The PENNSYLVANIA RAILROAD**

**and**

**Pennsylvania-Reading Seashore Lines.**

**Civ. A. No. 18266.**

United States District Court
E. D. Pennsylvania.

May 22, 1956.

Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for defendants.

WELSH, District Judge.

This is plaintiff's motion, under Federal Rules of Civil Procedure Rule 34, 28 U.S.C.A. for the production of statements given to defendants by various witnesses. The contention of the defendants is that plaintiff is not entitled to the production of the statements in question because the good cause required therefor has not been shown. The Court sustains this contention for the reasons that appear below.

Prior to the instant motion for production of statements plaintiff gave notice to the defendants of the taking of oral

depositions of sixteen (16) witnesses. At the oral depositions only fourteen (14) witnesses testified since two witnesses were temporarily unavailable.

◾ Insofar as the statements of the two witnesses temporarily unavailable are concerned the Court believes good cause for their production has not been shown and therefore defendants are not obliged to produce copies of same.

Alexander, a brakeman, one of the witnesses who testified on oral depositions, was permitted to use his statement to refresh his recollection. As a result defendants furnished plaintiff with a copy of his statement. Cardillo, a car inspector, another witness who testified on oral depositions, was unable to recall all of the details of his examination of some of the equipment connected with the accident. The details of Cardillo's examination are contained in his report made at the time of the examination, and defendants believe plaintiff is entitled to Cardillo's report and will furnish a copy to her. Hence, the present motion to produce need not concern itself with Alexander's statement and Cardillo's report.

Plaintiff is aware of the fact that ordinarily she would not be entitled to inspect or copy the statements of the twelve (12) remaining witnesses who testified on oral depositions for the obvious reason that she has already taken the oral depositions of said witnesses. However, she points out that the instant situation is not ordinary and that good cause for the production of the statements has been shown, the taking of oral depositions notwithstanding, because 1. the testimony of the witnesses on oral depositions was guarded, evasive and halting and 2. the witnesses have refused to speak privately with counsel for plaintiff or their representatives.

◾◾ The answer to the charge that the witnesses refuse to speak privately with counsel for plaintiff or their representatives is that they are not obliged to do so. The answer to the charge that the testimony of the witnesses was guarded, evasive and halting is that it is not substantiated by an examination of the oral depositions. Plaintiff's brief in support of this charge directs the Court's attention to certain excerpts of the oral depositions. The excerpts when viewed in the light of the entire oral depositions fall short of convincing us of the merits of the charge. We conclude, therefore, plaintiff has failed to show good cause for the production of the statements of the twelve (12) witnesses who testified on oral depositions.

Thus, plaintiff's motion for production of copies of statements of the two witnesses temporarily unavailable and of the twelve (12) witnesses who testified on oral depositions will not be granted.

An order pursuant to the foregoing opinion will be prepared and submitted.